J-S24040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM SHONTAY JOHNSON | : | |
| | : | |
| Appellant | : | No. 1698 WDA 2016 |

Appeal from the PCRA Order October 7, 2016
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0001271-2014

BEFORE: PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 5, 2017**

Appellant William Shontay Johnson appeals from the order entered by the Court of Common Pleas of Indiana County denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA").[1] PCRA appellate counsel filed a petition to withdraw, claiming there are no non-frivolous issues to raise on appeal. After careful review, we grant counsel permission to withdraw and affirm the PCRA court's order.

On May 19, 2015, a jury convicted Appellant of delivery of a controlled substance, conspiracy to deliver a controlled substance, and possession of a controlled substance. On August 3, 2015, the trial court imposed an

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

aggregate sentence of three to ten years' imprisonment. On August 5, 2015, the trial court entered an amended sentencing order indicating that the possession charge merged with the delivery charge for sentencing purposes. This did not affect Appellant's aggregate sentence. On August 25, 2015, Appellant filed a notice of appeal. On February 19, 2016, this Court affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On May 5, 2016, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed William G. Martin, Esq., who assisted Appellant in filing an amended petition. On September 28, 2016, the PCRA court held a hearing at which the parties stipulated that Appellant was entitled to credit for time served between June 17, 2014 and July 30, 2014, in addition to the credit he already had received. In an order dated October 7, 2016, the PCRA court granted Appellant's PCRA petition in part by granting Appellant's aforementioned claim for credit for time served. However, the PCRA court denied Appellant's petition in all other respects. This timely appeal followed.

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Allen**, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

- 2 -

Before we proceed to review the merits of Appellant's PCRA petition, we must evaluate counsel's petition to withdraw his representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988)] and ... must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner***/***Finley***, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007)).

We note that defense counsel has filed his petition to withdraw on the basis of frivolity pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and ***Commonwealth v. Santiago***, 602 Pa. 159, 161, 978 A.2d 349, 351 (2009). Although ***Anders*** briefs are filed by counsel who wish to withdraw on direct review, we will accept counsel's ***Anders*** brief in lieu of a ***Turner-Finley*** letter, as an ***Anders*** brief provides

greater protection to criminal defendants. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

After reviewing the record and counsel's petition to withdraw, we find that PCRA appellate counsel has complied with the technical requirements of *Turner* and *Finley*, *supra*. In his appellate brief, PCRA appellate counsel detailed the nature and extent of his review, listed the ten issues that Appellant raised in his petition, and explained why he believed each issue was frivolous. Counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf. Moreover, counsel attached his letter to Appellant specifically indicating that he believed that the appeal was wholly frivolous for the reasons set forth in his brief and notifying him of his right to raise additional points for consideration by proceeding *pro se* or with the assistance of privately retained counsel. *See Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa.Super. 2016) (citing *Commonwealth v. Friend,* 896 A.2d 607 (Pa.Super. 2006)). We may proceed to review the merits of Appellant's petition for collateral relief.

Appellant presents the following claims for our review on appeal:

1. [T]he magisterial district judge in this case intentionally deceived this Court thereby committing a fraud upon the Court by providing in the records of this case that the initial date of confinement was July 30, 2014, when she knew [Appellant] was arrested on June 17, 2014[.]

2. [Appellant] was not afforded a preliminary arraignment or offered counsel as required by law[.]

- 4 -

3. [T]he docket numbers on [Appellant's] cases were intentionally switched[.]

4. [T]he prosecution misled and deceived the Court with the confusion over whether [Appellant] was charged with 30 bags of heroin or 11 bags of heroin[.]

5. [T]here was no heroin found in [Appellant's] possession or on [Appellant's] person[.]

6. [Appellant] was charged with the 30 bags of heroin recovered from the co-defendant's anus over which [Appellant] had no control[.]

7. [Appellant] did not receive a fair trial due to the lies presented by the police officers, co-defendant, and the confidential informant[.]

8. [Appellant's] 6th amendment right to confront his accusers was violated by the failure of the prosecution to call the laboratory technician as a witness who tested and weighed the heroin[.]

9. [T]he prosecution failed to disclose the deals made with the "co-defendant" and the confidential informant[.]

10. [Appellant] was sentenced for the 30 bags of heroin which were never presented into evidence and the charge regarding the 11 bags of heroin was dismissed[.]

Concise Statement, 11/21/16, at 1-2.

Appellant first claims "the magisterial district judge in this case intentionally deceived this Court thereby committing a fraud upon the Court by providing in the records of this case that the initial date of confinement was July 30, 2014, when she knew [Appellant] was arrested on June 17, 2014." Concise Statement, at 1. Appellant offers no evidence to support his bald allegation of fraud. To the extent this argument can be construed as a

request for credit for time served, this claim is moot as the PCRA court agreed to the parties' stipulation that Appellant was entitled to additional credit for this time period that had been previously unaccounted for. Accordingly, we need not review this argument any further.

Second, Appellant contends that he was not afforded a preliminary arraignment or offered counsel as required by law. Appellant was held on a detainer on an unrelated matter from his arrest until July 30, 2014. We reiterate that Appellant was given credit for time served for this time period. With respect to Appellant's contention that he was denied representation by counsel, the record clearly shows that Appellant had court-appointed counsel from his preliminary hearing through trial and on direct appeal. As Appellant has not demonstrated that this argument entitles him to collateral relief, we find this claim to be meritless.

Third, Appellant argues that the docket numbers on his cases were intentionally switched. The PCRA court and defense counsel observed that there was no effort to "switch" Appellant's docket numbers, but correctly pointed out that a criminal case has different docket numbers through the progression through different stages of the court system. Appellant's originating docket number in the district court was MJ-40303-CR-0000159-2014; when the case was sent to the Court of Common Pleas, it was assigned the docket number of CP-32-CR-0001271-2014. This claim does not entitle Appellant to any relief.

The seven remaining claims in Appellant's PCRA petition are issues that could have been raised on direct appeal. Section 9544 provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). As a result, Appellant is not entitled to collateral review of these waived claims.[2]

Accordingly, we agree with counsel and conclude that the issues Appellant wishes to appeal are wholly frivolous. Furthermore, our independent review of the record confirms counsel's assertion that Appellant cannot raise any non-frivolous issues in this appeal. Thus, we grant counsel's petition to withdraw and affirm the order denying Appellant's PCRA petition.

Order affirmed. Petition to withdraw granted.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017

---

[2] Appellant does not claim that his trial counsel was ineffective in failing to raise the issues in his PCRA petition.